UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MICHAEL BENZINGER,

        **Plaintiff,**

v.

NYSARC, INC. NEW YORK CITY CHAPTER, CBRE, INC. and UNIVERSAL PROTECTION SERVICE, LLC,

        **Defendants.**
------------------------------------------------------------------X

No.: 1:18-CV-02709(KPF)

FIRST AMENDED COMPLAINT

JURY TRIAL DEMANDED

Plaintiff Michael Benzinger, by and through his attorneys, respectfully alleges upon information and belief, the following:

## NATURE OF THE ACTION

1. Plaintiff Michael Benzinger brings this action against Defendants under the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107, et seq.; the Civil Rights Act of 1866, 42 U.S.C. § 1981 et seq.; and the Ku Klux Klan Act, 42 U.S.C. § 1985, et seq.; because of Defendants' disparate treatment of Plaintiff Benzinger based on his race, and retaliation for his opposition to it, while a lawful guest at 83 Maiden Lane in Manhattan, New York. Plaintiff also brings a claim of negligent hiring, supervision, and retention under New York common law. Plaintiff Benzinger seeks to enjoin Defendants and to recover monetary damages resulting from Defendants' unlawful acts.

## PARTIES

*Plaintiff Michael Benzinger*

2. Plaintiff Michael Benzinger is a citizen of the United States and resident of Queens, New York.

3.      Benzinger is Asian-American.

*Defendant NYSARC, Inc. New York City Chapter*

4.      Defendant NYSARC, Inc. New York City Chapter (herein "AHRC NYC") is a corporation duly authorized to do business in New York.

5.      AHRC NYC has a principal place of business at 83 Maiden Lane, New York, NY, and its telephone number is 212-780-2500.

*Defendant CBRE*

6.      Defendant CBRE (herein "CBRE") is a corporation authorized to do business in New York.

7.      CBRE maintains a principal place of business at 200 Park Avenue, New York, NY, and its telephone number is 213-613-3333.

8.      CBRE provided building management services to 83 Maiden Lane.

*Defendant Universal Protection Service, LLC*

9.      Defendant Universal Protection Service, LLC (herein "Universal") is a corporation authorized to do business in New York.

10.     Universal maintains a principal place of business at 229 West 36th Street 11th Floor New York, NY, and its telephone number is 212-481-5777.

11.     At all times relevant, each of the Defendants was the agent, servant, employee, joint venturer and/or co-conspirator of each of the other Defendants, and each of the acts alleged to have been done by each Defendant was done in that Defendant's capacity as the agent, servant, employee, joint venturer and/or co-conspirator of the other Defendants.

*The Lobby of 83 Maiden Lane is a Place or Provider of Public Accommodation*

12.     The website of Access Community Health Center (herein "Access") states that Access

1

"serves the acute & chronic health care needs of <u>all community members</u>." http://www.accesschc.org (last accessed April 26, 2018) (emphasis added).

13.     Access' website also states the following:

> Our Mission: As a federally-qualified health center (FQHC), Access Community Health Center is committed to providing comprehensive, culturally competent, quality health care <u>to everyone, including NYC's most vulnerable people, regardless of ability to pay.</u>
>
> http://www.accesschc.org/who-we-are/ (last accessed April 26, 2018) (emphasis added).

14.     In 2016, Access was a tenant of 83 Maiden Lane.

15.     In order to receive services from Access's location within 83 Maiden Lane, members of the public had to ingress and egress through the lobby of 83 Maiden Lane.

## JURISDICTION AND VENUE

16.     This Court has jurisdiction over this action because it involves a federal question.

17.     Venue is proper because a substantial part of the events giving rise to this action occurred in this district.

## FACTS

18.     Plaintiff Michael Benzinger is an Asian-American who teaches English as a Second Language in downtown Manhattan.

19.     On June 21, 2016 Benzinger visited Access to make an appointment. To reach Access' offices located within 83 Maiden Lane, Benzinger had to walk through the lobby of 83 Maiden Lane.

20.     While in the lobby of 83 Maiden Lane, a porter, who was an employee, agent, and/or independent contractor of Defendant AHRC NYC and/or CBRE by the name of "Sammy"

2

Rivera repeatedly uttered racial slurs at Benzinger, and then laughed about it with a security guard, Justin Brooks, who was also on duty in the lobby of 83 Maiden Lane.

21. The security guard, Justin Brooks, was the employee, agent, and/or independent contractor of AHRC NYC, CBRE, and/or Universal.

22. After Benzinger's appoitment, he returned to the lobby of 83 Maiden Lane in order to exit the building. There, the porter, "Sammy" Rivera, subjected Benzinger to racial slurs *for the second time*, and the security guard, Justin Brooks, once again encouraged and condoned the porter's discriminatory conduct by laughing about it and failing to take any action to protect Benzinger.

23. The next day, on June 22, 2016, Benzinger met with Steve Williams, AHRC NYC's employee relations manager to report the foregoing.

24. During the meeting, before Benzinger could describe the porter, "Sammy" Rivera, Williams asked whether the porter was a small man with a shaved head.

25. Thereafter, despite Williams' knowledge that the porter, "Sammy" Rivera and the security guard, Justin Brooks, were working that day in the lobby of 83 Maiden Lane, Williams failed to accompany Benzinger out of the lobby of 83 Maiden Lane or otherwise safeguard him against further discrimination by the porter, "Sammy" Rivera and the security guard, Justin Brooks.

26. As a result, *for a third time*, on June 22, 2016, the porter, "Sammy" Rivera and the security guard, Justin Brooks subjected Benzinger to discriminatory conduct when Benzinger returned to the lobby of 83 Maiden Lane to exit the building.

27. Later that day on June 22, 2016, Benzinger reported the discriminatory conduct that had occurred after he left the meeting to Williams.

28.     Thereafter, Defendants conspired to cover up the discriminatory conduct of the porter, "Sammy" Rivera and the security guard, Justin Brooks. In furtherance of this, Defendants destroyed videotape surveillance of the harassing conduct and directed that the security guard, Justin Brooks, fabricate and back-date an eye-witness report to fit the narrative that would allow Defendants to say that it appropriately punished the porter, "Sammy" Rivera for saying "Ni hao" to Benzinger, but otherwise deny that the other incidents took place.

29.     On July 6, 2016, *14 days after Benzinger reported the discrimination*, Pamela Minkoff, AHRC NYC's employee allegedly assigned to investigate Benzinger's reports of discrimination, e-mailed Benzinger and asked him *for the first time* "exactly what is the complaint" and indicated that she could *not* investigate his report regarding the conduct that took place on June 22 unless he told her directly.

30.     Pamela Minkoff, the employee allegedly assigned to investigate the discriminatory conduct of the porter, "Sammy" Rivera and the security guard, Justin Brooks, had a nine-year relationship with Rivera.

31.     On July 14, 2016, *22 days after Benzinger reported the discrimination,* Sharon Fong, an employee of AHRC NYC, notified Benzinger that Minkoff had conducted an alleged investigation "in full" and "made certain that all avenues were pursued" and concluded that Minkoff could not substantiate Benzinger's reports of discrimination. So, Benzinger reported the discriminatory conduct again.

32.     While Defendants could have rested upon the outcome of the Minkoff investigation, they instead chose to hire two private investigators (without warning to Benzinger), who surveilled and menaced Benzinger in order to punish and deter him as well as deter others from making further reports of discrimination.

## FIRST CAUSE OF ACTION
### Violation of N.Y.C. Admin. Code § 8-107(4)
### (Race Discrimination)

33.     Benzinger realleges and incorporates each allegation of the complaint as though fully set forth herein.

34.     The lobby of 83 Maiden Lane is a place or provider of public accommodation as that term is defined by the New York City Human Rights Law, N.Y.C. Admin. Code § 8-102(9).

35.     On June 21 and June 22, 2016, while on duty in the lobby of 83 Maiden Lane, a porter, "Sammy" Rivera, directly and indirectly made declarations and took actions to the effect that Benzinger's patronage or custom was unwelcome, objectionable, not accepted, desired, or soliciated because of Benzinger's actual or perceived race, including by repeatedly uttering the racial slurs "chink" and "ching chong" and the security guard on duty at the time, Justin Brooks, encouraged and condoned "Sammy" Rivera's discriminatory conduct, by among other things, laughing at it and failing to protect Benzinger from it.

36.     AHRC NYC is strictly liable for the conduct of the porter, "Sammy" Rivera because he was its employee or agent.

37.     Alternatively, AHRC NYC is vicariously liable for the conduct of the porter, "Sammy" Rivera because his conduct was committed in the course of his employment and AHRC NYC had actual knowledge of his conduct and acquiesced in it.

38.     AHRC NYC is strictly liable for the conduct of the security guard, Justin Brooks because he was its employee or agent.

39.     Alternatively, AHRC NYC is vicariously liable for the conduct of the security guard, Justin Brooks because his conduct was committed in the course of his employment and AHRC NYC had actual knowledge of his conduct and acquiesced in it.

40. CBRE is strictly liable for the conduct of the porter, "Sammy" Rivera because he was its employee or agent.

41. Alternatively, CBRE is vicariously liable for the conduct of the porter, "Sammy" Rivera because his conduct was committed in the course of hisemployment and CBRE had actual knowledge of his conduct and acquiesced in it.

42. CBRE is strictly liable for the conduct of the security guard, Justin Brooks because he was its employee or agent.

43. Alternatively, CBRE is vicariously liable for the conduct of the security guard, Justin Brooks because his conduct was committed in the course of his employment and CBRE had actual knowledge of the conduct and acquiesced in it.

44. Universal is strictly liable for the conduct of the security guard, Justin Brooks because he was its employee or agent.

45. Alternatively, Universal is vicariously liable for the conduct of the security guard, Justin Brooks because his conduct was committed in the course of his employment and Universal had actual knowledge of the conduct and acquiesced in it.

46. AHRC NYC, through the acts and inactions of Steve Williams, refused, withheld and/or denied Benzinger the full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, services, facilities or privileges of the place or provider of public accommodation, by, among other things, failing to accompany Benzinger out of 83 Maiden Lane or otherwise safeguard Benzinger on June 22, 2016 after he had reported that on June 21, 2016 Rivera and Brooks racially harassed him in the lobby of 83 Maiden Lane, where Williams knew or should have known that Rivera and Brooks were on duty in the lobby of 83 Maiden Lane on June 22, 2016.

47.     AHRC NYC is directly liable to Benzinger because it knew or should have known of Rivera and Brooks' conduct, but failed to take prompt and adequate corrective action.

48.     CBRE, Inc is directly liable to Benzinger because it knew or should have known of Rivera and Brooks' conduct, but failed to take prompt and adequate corrective action.

49.     Universal is directly liable to Benzinger because it knew or should have known of Rivera and Brooks' conduct, but failed to take prompt and adequate corrective action.

**SECOND CAUSE OF ACTION**
Violation of N.Y.C. Admin. Code § 8-107(7)
**(Retaliation)**

50.     Benzinger realleges and incorporates each allegation of the complaint as though fully set forth herein.

51.     Benzinger engaged in protected activity by reporting the discriminatory conduct of the porter, "Sammy" Rivera and the security guard, Justin Brooks to Steve Williams on June 22, 2016, and later to Pamela Minkoff.

52.     AHRC NYC knew of Benzinger's engagement in protected activity because Williams and Minkoff are its supervisory employees.

53.     CBRE knew of Benzinger's engagement in protected activity because Williams and/or Minkoff informed it of Benzinger's engagement in protected activity.

54.     Universal knew of Benzinger's engagement in protected activity because Williams, Minkoff, and/or CBRE informed it of Benzinger's engagement in protected activity.

55.     AHRC NYC took actions that are reasonably likely to deter a person from engaging in protected activity, including failing to take prompt or adequate corrective action, such as immediately suspending Rivera and Brooks; failing to assign an employee to accompany Benzinger out of 83 Maiden Lane or otherwise safeguard Benzinger from being harassed further

after he reported the discriminatory conduct of Rivera and Brooks on June 22, 2016; failing to promptly and adequately investigate Benzinger's reports in good faith, including failing to investigate the discriminatory conduct occurring on June 22, 2016 *at all* for at least 14 days; refusing to investigate the discriminatory conduct of June 22, 2016 that occurred immediately after Benzinger visited Williams, unless Benzinger re-stated the discriminatory conduct that occurred on June 22 to Minkoff directly, despite Benzinger having already reported it to Williams later that day; and hiring two former federal agents as private investigators to surveil Benzinger and repeatedly call him and leave him voicemails indicating they were hired by AHRC NYC after it had notified Benzinger that it had completed an investigation "in full" that covered "all avenues".

56. CBRE took actions that are reasonably likely deter a person from engaging in protected activity, including conspiring with AHRC NYC in its foregoing retaliatory conduct; failing to take prompt or adequate corrective action on its own, such as immediately suspending Rivera and Brooks; failing to investigate promptly and adequately Benzinger's reports independently and in good faith, including failing to independently investigate Benzinger's reports regarding the discriminatory conduct occurring on June 22, 2016 at all.

57. Universal took actions that are reasonably likely to deter a person from engaging in protected activity, including conspiring with AHRC NYC and CBRE in their foregoing retaliatory conduct; and failing to conduct its own investigation into Benzinger's reports of discriminatory conduct promptly and adequately.

**THIRD CAUSE OF ACTION**
**Violation of N.Y.C. Admin. Code § 8-107(6)**
**(Aiding and Abetting)**

58.     Benzinger realleges and incorporates each allegation of the complaint as though fully set forth herein.

59.     Brooks aided and abetted Rivera's foregoing discriminatory conduct by, among other things, creating an environment where Rivera understood that discriminatory conduct would be encouraged and/or condoned, including by laughing at the discriminatory conduct Rivera directed at Benzinger; failing to protect or safeguard Benzinger from Rivera's discriminatory conduct; attempting to cover up Rivera's discriminatory conduct by, among other things, fabricating and back-dating an eye-witness report of the interactions between Rivera and Benzinger, and failing to promptly report Rivera's discriminatory conduct.

60.     AHRC NYC, through the acts and inactions of its employees Sharon Fong, Pamela Minkoff, Steve Williams, among others, aided and abetted Rivera's discriminatory conduct and Brook's encouragement and condonement of Rivera's discriminatory conduct, by failing to investigate promptly and adequately Benzinger's claims of discrimination in good faith, including by unreasonably failing to investigate Benzinger's complaint regarding the discriminatory conduct of June 22, 2016 for at least 14 days.

61.     CBRE through the acts and inactions of its employee Dawn Shillingford, aided and abetted Rivera's discriminatory conduct and Brook's encouragement and condonement of Rivera's discriminatory conduct, by failing to investigate promptly and adequately Benzinger's reports of discrimination in good faith, including by unreasonably failing to investigate Benzinger's reports regarding the discriminatory conduct of June 22, 2016 in good faith.

62.     Universal aided and abetted Rivera's discriminatory conduct and Brook's encouragement and condonement of Rivera's discriminatory conduct by failing to investigate promptly and adequately Benzinger's reports of discriminatory conduct.

63. AHRC NYC is strictly liable for the conduct of Justin Brooks, Sharon Fong, Pamela Minkoff, and Steve Williams because it employed them, or had an agency relationship with them.

64. In the alternative, AHRC NYC is vicariously liable for the conduct of Justin Brooks because his conduct was committed in the course of his employment and AHRC NYC had actual knowledge of the conduct and acquiesced in it.

65. CBRE is strictly liable for the conduct of Justin Brooks and Dawn Shillingford because it employed them or had an agency relationship with them.

66. In the alternative, CBRE is vicariously liable for the conduct of Justin Brooks because his conduct was committed in the course of his employment and CBRE had actual knowledge of his conduct and acquiesced in it.

67. Universal is strictly liable for the conduct of Justin Brooks because it employed him or had an agency relationship with him.

### FOURTH CAUSE OF ACTION
### Negligent Training, Supervision, and Retention

68. Benzinger realleges and incorporates each allegation of the complaint as though fully set forth herein.

69. The actions of Defendants' employees and/or agents, at set forth herein reflect, and are the result of Defendants' negligence in training, supervising, and retaining those employees and/or agents.

### FIFTH CAUSE OF ACTION
### Violation of 42 U.S.C. § 1981, et seq.
### (Race Discrimination)

70. Benzinger realleges and incorporates each allegation of the complaint as though fully set forth herein.

71. Benzinger made himself available to receive services from Access located within 83 Maiden Lane.

72. Rivera and Brooks unlawfully and in a markedly hostile manner, interfered with Benzinger's ability to receive services from Access in the lobby of 83 Maiden Lane that was objectively unreasonable and deliberately discriminatory on the basis of race.

73. AHRC NYC had an employment or agency relationship with Brooks and/or Rivera.

74. AHRC NYC knew or should have known of the objectively unreasonable and discriminatory interference caused by Rivera and Brooks.

75. Thereafter, AHRC NYC failed to take prompt and adequate corrective action against Rivera or Brooks.

76. CBRE had an employment or agency relationship with Brooks and/or Rivera.

77. CBRE knew or should have known of the objectively unreasonable and deliberately discriminatory interference caused by Rivera and Brooks.

78. Thereafter, CBRE failed to take prompt and adequate corrective action against Rivera or Brooks.

79. Universal had an employment or agency relationship with Brooks.

80. Universal knew or should have known of the objectively unreasonable and deliberately discriminatory interference caused by Brooks.

81. Thereafter, Universal failed to take prompt and adequate corrective action against Brooks.

**SIXTH CAUSE OF ACTION**
**Violation of 42 U.S.C. § 1985, et seq.**
**(Conspiracy)**

82.     Benzinger realleges and incorporates each allegation of the complaint as though fully set forth herein.

83.     AHRC NYC, CBRE, and/or Universal conspired, directly or indirectly, to deprive Benzinger of the equal protection of the law and equal privileges and immunities of the law, including, among other things, the privilege of having a good-faith investigation conducted regarding his complaints of racial discrimination in a good-faith, prompt and adequate manner.

84.     In furtherance of this conspiracy, among other things, defendants deliberately destroyed, or allowed to be destroyed, video surveillance footage of Brooks and Rivera harassing Benzinger in the lobby of 83 Maiden Lane; defendants directed or allowed Brooks on or about July 8, 2016, to fabricate an eye-witness statement related to Benzinger's complaint of racial discrimination; and directed or allowed Shillingford, on or about July 13, 2016, to fabricate a report related to Benzinger's complaint of racial discrimination.

85.     As a result, Benzinger was deprived of the privilege of a prompt, adequate, and good-faith investigation into his complaints of racial discrimination, among other equal protections and equal privileges and immunities of the law.

## JURY DEMAND

Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Michael Benzinger respectfully requests that this Court grant judgment for him as follows:

(a)     Declaring that the discriminatory practices of Defendants violate the N.Y.C. Admin. Code § 8-107, et seq and 42 U.S.C. §§ 1981 and 1985.

(b) Enjoining Defendants, and all other persons in active concert or participation with any of them, from engaging in any act or practice which, because of race, denies or abridges any rights secured by 42 U.S.C. §§ 1981 and 1985, and N.Y.C. Admin. Code § 8-107, et seq;

(c) For an award of "garden variety" emotional distress damages;

(d) For punitive damages;

(e) For interest;

(f) For reasonable attorneys' fees;

(g) For Plaintiff Benzinger's costs in this lawsuit;

(h) For such further relief as this Court may deem proper and just.

Dated:  New York, NY
        May 3, 2018

Respectfully submitted,

**LISZKA AND GRAY, LLC**

By: */s/ Zachary J. Liszka*
    Zachary J. Liszka, Esq.
    (Attorney Reg. No: 5262266)
    1180 Avenue of the Americas
    Suite 800
    New York, New York 10036
    347-762-5131
    z@lglaw.nyc

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2018, a copy of the foregoing First Amended Complaint was filed electronically. Notice of this filling will be sent by e-mail to the following by operation of the Court's electronic filing system:

Stefanie Munsky
*Counsel for Defendant AHRC NYC*

Stacy Adams
Lindsay Sorin
*Counsel for Defendant CBRE*

                                                 */s/ Zachary J. Liszka*
                                                 Zachary J. Liszka, Esq.