WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
Attorneys for Defendant
UNIVERSAL PROTECTION SERVICE
1133 Westchester Avenue
White Plains, NY 10604
(914) 323-7000
File No. 20147.00019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MICHAEL BENZINGER,

                Plaintiff,                             Docket No.:18-cv-02709(KPF)

    -against-

NYSARC, INC. NEW YORK CITY CHAPTER, CBRE,
INC. and UNIVERSAL PROTECTION SERVICE, LLC,

                Defendants.
-----------------------------------------------------------------X


# UNIVERSAL PROTECTION SERVICE'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

7289687v.2

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES .................................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................................... 1

ARGUMENT ............................................................................................................................................ 1

    I.    Plaintiff's § 1981 Claims Fail as a Matter of Law .................................................. 1

        A.    Plaintiff Fails to Allege any Evidence of Discrimination Against UPS ..... 1

        B.    Plaintiff Does Not Allege the Violation of Any Right Enumerated Under 1981 ................................................................................................................. 3

            1.    UPS Did Not Interfere With Plaintiff's Right to Contract ............. 3

            2.    There Is No Allegation UPS Violated the § 1981 Full and Equal Benefit Clause ......................................................................... 5

        C.    The UPS Employee Was Not Acting Within the Scope of His Employment and UPS Cannot be held liable ............................................... 5

    II.    Plaintiff's § 1985 Conspiracy Claim Fails as a Matter of Law .............................. 6

    III.    Plaintiff's NYCHRL Claims Fail as a Matter of Law ........................................... 7

        A.    The Case Law Plaintiff Cites to Demonstrates He Is Not Entitled to Relief ................................................................................................................ 7

        B.    Plaintiff's Claim for Aiding and Abetting Under the NYCHRL Fails ....... 9

        C.    UPS Cannot Be Held Liable for the Actions of Its Employee ................... 9

        D.    Plaintiff's Claim for Retaliation Under the NYCHRL Fails ................... 10

    IV.    Plaintiff's Claim for Negligent Supervision Fails ................................................ 10

CONCLUSION ...................................................................................................................................... 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

Bishop v. Best Buy, Co. Inc.,
  2010 WL 4159566 (S.D.N.Y. Oct. 13, 2010) .............................................................. 6

Bishop v. Toys "R" Us-NY LLC,
  414 F.Supp2d 385 (S.D.N.Y. 2006) ...................................................................... 4, 5

Brightman v. Prison Health Serv., Inc.,
  108 A.D.3d 739, 970 N.Y.s.2d 789 (2nd Dept. 2013) .............................................. 10

Chuang v. U. of California Davis, Bd. Of Trustees,
  225 F.3d 1115 (9th Cir. 2000) .................................................................................. 2

Davis v. Megabus Northeast LLC,
  301 F.Supp.3d 105 (D.D.C. 2018) ............................................................................ 6

Ezell v. Edwards Theatres, Inc.,
  2006 WL3782698 (E.D. Cal. Dec. 21, 2006) ........................................................... 3

Feacher ................................................................................................................................ 3

Fruchtman v. City of New York,
  129 A.D.3d 500 (1st Dept. 2015) ............................................................................... 9

Garrigan v. Ruby Tuesday, Inc.,
  2014 WL2134613 (S.D.N.Y. May 22, 2014) ......................................................... 10

Honohan v. Martin's Food of S. Burlington,
  255 A.D.2d 627 N.Y.S.2d 478 [1998] .................................................................... 11

Iqbal v. Hasty,
  490 F.3d 143 (2d Cir.2007) ..................................................................................... 7

ISS Action Sec. v. New York City Com'n on Human Rights,
  2011 WL7102519 (S.D.N.Y. Dec. 21, 2011) ........................................................... 8

Lorenz v. Managing Director, St. Luke's Hosp.,
  2010 WL 4922267 (S.D.N.Y. Nov. 5, 2010) ............................................................ 4

Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.,
  7 F.3d 1085 (2d Cir. 1993) ...................................................................................... 1

Mihalik v. Credit Agricole Cheuvreux N.A., Inc.,
  715 F.3d 102 (2d Cir. 2013) ..................................................................................... 9

7289687v.2

Steinborn v. Himmel,
   9 A.D.3d 531, 780 N.Y.S.2d 412 [2004] ................................................................................ 11

Vakharia v. Swedish Covenant Hospital,
   765 F.Supp. 461 (N.d.Ill.1991) .............................................................................................. 5

**Statutes**

42 U.S.C. § 1981 .......................................................................................................... 1, 2, 4, 5, 6, 8

42 U.S.C. § 1981(a) ........................................................................................................................ 2

42 U.S.C. § 1985 ............................................................................................................................ 8

42 U.S.C. § 1985(3) ....................................................................................................................... 7

New York City Human Rights Law 8-104(4) ................................................................................ 5

**Rules**

Federal Rules of Civil Procedure, Rule 12(b)(6) ..................................................................... 1, 11

**Constitutional Provisions**

Civil Rights Act of 1964, Title VII ................................................................................................. 2

<u>**PRELIMINARY STATEMENT**</u>

Defendant UNIVERSAL PROTECTION SERVICE, LLC ("UPS"), respectfully submits this Reply Memorandum of Law in support of its Motion to Dismiss the Second Amended Complaint ("SAC") and each claim asserted therein pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff's opposition fails to address any of the weaknesses that subjects the SAC to dismissal.[1] [2] Plaintiff focuses his argument primarily on the fact that NYSARC's employee allegedly made derogatory comments, but fails to address how a UPS security officer's alleged laughter amounts to evidence of any intent to discriminate, or how UPS, or any of the other defendants, violated Plaintiff's rights under state or federal law. Plaintiff has made no such allegation, and his complete reliance on the alleged derogatory comments alone requires that the SAC be dismissed.

<u>**ARGUMENT**</u>

**I.   <u>Plaintiff's § 1981 Claims Fail as a Matter of Law</u>**

A.  <u>Plaintiff Fails to Allege any Evidence of Discrimination As Against UPS</u>

The UPS employee's alleged laughter in response to the NYSARC employee's alleged derogatory remark is insufficient as a matter of law to allege discriminatory intent on the part of UPS.[3] Plaintiff cites to <u>Chuang v. U. of California Davis, Bd. Of Trustees</u> in support of his contention that laughter is sufficient to state a claim under § 1981. 225 F.3d 1115 (9th Cir. 2000). <u>Chuang</u> was an employment law case involving alleged violations of Title VII of the Civil Rights Act of 1964. Plaintiffs were university professors who alleged that the dean laughed at another

---

[1] Defendant notes at the outset that the Plaintiff's Memorandum of Law totaled 32 pages, in contravention of Your Honor's Individual Rules of Practice in Civil Cases, 4.B. which requires that memorandum of law in opposition to motions be limited to 25 pages.

[2] In his opposition, Plaintiff references an unrelated alleged incident involving a UPS employee providing security for a commuter train in California. Defendant requests that the Court disregard this blatant attempt to prejudice the Defendant before the court.

[3] Apparently aware of the weakness in his claims, Plaintiff now appears to be attempting to cast Brooks as an instigator in that Plaintiff now claims he "incited" Rivera to make derogatory comments by encouraging him with his laughter. No such allegation was made in the SAC, and the Court should not permit the Plaintiff to amend his complaint a third time through his opposition papers.

1

administrator's derogatory comment related to hiring additional Chinese faculty. The plaintiffs, Chinese-American, alleged that this, combined with multiple other actions on the part of the university, was evidence of an intent to discriminate against them. In addition to the laughter and remark, the court found that university employees made other derogatory comments, evicted the plaintiffs from their laboratory, and denied them a tenure-track position at the university, among numerous other findings. Due to the volume of facts adducing direct and indirect evidence of discrimination, the court referred to these facts as "Cumulative Evidence" of discrimination. Chuang 225 F.3d at 1129.

Here, there is no such "cumulative evidence." Plaintiff alleges only that UPS employee Justin Brooks laughed after NYSARC employee Sammy Rivera made a derogatory remark. Notably in Chuang, the university dean who laughed in response to a derogatory comment held complete authority over the plaintiffs, whereas Mr. Brooks had no authority over the Plaintiff here. Plaintiff does not allege that Mr. Brooks engaged in any other conduct other than the alleged laughter, and his laughter alone is insufficient as a matter of law to impute any discriminatory conduct as to UPS.

With respect to the comment "he ain't gonna do nothing to you," Plaintiff mistakenly cites to Feacher for the proposition that a single statement without reference to race can be held discriminatory. As the passage Plaintiff quotes clearly indicates, (see Pl.'s Mem. at p. 7), the Court there held that the restaurant employee's statement that "We're closed for you," *combined* with the restaurant's denial of service to the African-American couple, *combined* with the fact that a Caucasian couple was being served dinner, could be found to be evidence of discriminatory intent. Here, there are no other facts surrounding Brooks's alleged statement that would support an inference of discriminatory intent. Plaintiff asserts the novel theory that the statement is evidence of the stereotype that Asian men are "physically inferior" (see Pl. Mem. at

2

9), however there is nothing in this statement that would remotely suggest this was the alleged meaning, and Plaintiff should not be permitted to amend his complaint with this speculative allegation.

Likewise in Ezell v. Edwards Theatres, Inc., the "smirk" that Plaintiff cites to was one of many facts that the court detailed in denying the defendant theater owner's motion for summary judgment. 2006 WL3782698 (E.D. Cal. Dec. 21, 2006). In Ezell, the African-American plaintiffs alleged they were the only patrons ejected from a movie theater after an altercation, claiming this was evidence of racial discrimination. Plaintiffs also alleged that the theater management did not take their version of events seriously, specifically that white patrons had uttered racial slurs against them, which management disregarded. The court held that these actions, as well as numerous others, taken together were sufficient to create a question of fact. Here, Plaintiff alleges only that the UPS employee laughed in response to Rivera's derogatory comment. Plaintiff does not allege that UPS took any other action that would constitute evidence of a discriminatory intent, and his claim fails as a matter of law.

B. Plaintiff Does Not Allege the Violation of Any Right Enumerated Under 1981

1. *UPS Did Not Interfere With Plaintiff's Right to Contract*

Plaintiff fails to allege, because he cannot, that any of his enumerated rights under § 1981 were violated. Plaintiff cannot allege a violation of any contractual right because Plaintiff did not execute any contract with UPS, nor did he attempt to execute any contract with UPS. Rather, Plaintiff's only contract was with Access, and he received all of the benefits of that contract on both days that he claims he was discriminated against. This is explicitly outlined in Plaintiff's own allegations contained in the SAC. In a feeble attempt to salvage his claims, Plaintiff continually refers to a "contracted for experience" that he claims UPS interfered with in

3

connection with his ingress and egress of the premises through the lobby. Plaintiff's contracted for experience was with Access for medical treatment, not with UPS.

Not only did Plaintiff have no contract with UPS, his walk through the lobby was not a protected activity under § 1981 in any event. See Bishop v. Toys "R" Us-NY LLC, 414 F.Supp2d 385 (S.D.N.Y. 2006) (holding plaintiff's use of a retail store's exit was not protected activity under § 1981); see also Lorenz v. Managing Director, St. Luke's Hosp., 2010 WL 4922267 (S.D.N.Y. Nov. 5, 2010)(holding plaintiff could not bring claim for violation of § 1981 where he alleged he was harassed by security guards in a lobby.) Similarly in Bishop, plaintiff alleged § 1981 violations when security guards detained him and confiscated items from his shopping bag. The court dismissed plaintiff's § 1981 claims, holding that no contractual right had been interfered with because plaintiff had already completed his purchase when the security guards detained him, and his contractual relationship with the store had thus ended. Bishop 414 F.Supp2d at 393. Here, Plaintiff had no contract with Access, either during his ingress or egress from the premises.

Plaintiff cites to Vakharia v. Swedish Covenant Hospital for the proposition that a third-party can be held liable for obstructing a plaintiff's right to contract under § 1981. 765 F.Supp. 461 (N.d.Ill.1991); (see also Pl.'s Mem. at p. 13.) In Vakharia, the anesthesiologist plaintiff alleged that her hospital employer interfered with her contracts with her patients by reducing her workload over a two-year period, and ultimately terminating her employment for allegedly discriminatory reasons. The Court held that plaintiff's § 1981 claim withstood dismissal because she alleged defendants interfered with her right to make contracts with her patients. Notably, the court in Vakharia did not hold that plaintiff could bring a § 1981 claim for any interference by a third party with plaintiff's contracted-for experience with another party. In contrast, Plaintiff

4

here successfully completed his contract with Access, and UPS in no way interfered with this contract or its benefits.

### 2. *There Is No Allegation UPS Violated the § 1981 Full and Equal Benefit Clause*

Plaintiff still fails to point to the violation of any law intended for the security of persons and property that would support his claim pursuant to § 1981's full-and-equal-benefit clause. To state a claim under the full-and-equal benefit clause, a plaintiff must allege (1) racial animus; (2) identify a relevant law or proceeding for the security of persons and property; and (3) allege that defendants deprived plaintiff of the "full and equal benefit" thereof. Bishop v. Toys "R" Us-NY LLC, 414 F.Supp2d 385, 394 (S.D.N.Y. Feb. 8, 2006.) Bishop, 414 F.Supp2d at 393 (quoting Phillip v. Univ. of Rochester, 316 F.3d 291, 298 (2nd Cir. 2003).

In response to UPS's argument that Plaintiff fails to allege the violation of any state law, Plaintiff makes the circular argument that UPS violated New York City Human Rights Law 8-104(4), prohibiting discrimination in public accommodations, (Plaintiff's first cause of action in the SAC), and on this basis, according to Plaintiff, he has stated a claim. Plaintiff cannot rest his § 1981 claim for racial discrimination on an alleged violation of a parallel city statute prohibiting the same kind of discriminatory conduct prohibited under § 1981. Plaintiff must allege the violation of a specific right, which he cannot do. As discussed below, Plaintiff moreover fails to state a claim under the NYCHRL, and his § 1981 claim fails even if an alleged NYCHRL violation can serve as a predicate for a § 1981 claim.

### C. The UPS Employee Was Not Acting Within the Scope of His Employment and UPS Cannot be held liable

Contrary to Plaintiff's assertions, it is well settled in this Circuit that the doctrine of respondeat superior applies to § 1981 claims. Bishop v. Best Buy, Co. Inc. 2010 WL 4159566 at *6 (S.D.N.Y. Oct. 13, 2010)(citing Tomka v. Seiler Corp., 66 F.3d 1295, 1316 (2nd Cir. 1995). "An employee's act is within the scope of his or her employment if the purpose of the act is, at

5

least in part, to further the employer's business, and if the act is not unexpected in view of the employee's duties." Davis v. Megabus Northeast LLC, 301 F.Supp.3d 105, 111 (D.D.C. 2018) (quoting Floyd Mayers, 732 F.Supp. at 246).

Plaintiff's discrimination claim here therefore fails on the additional grounds that the UPS employee was not acting within the scope of his employment when the alleged conduct occurred, and any discriminatory actions by its employee cannot be attributed to UPS. In his opposition, Plaintiff makes the vague argument that the Plaintiff was engaged in his duties as a security guard, which generally entailed monitoring the premises for safety purposes. But Plaintiff fails to demonstrate how his alleged laughter, or the statement "He ain't going to say nothing to you," falls within the scope of his employment. Neither the alleged laughter nor the alleged statement fell within Brooks's duties, and UPS cannot be held liable, even if the Court were to find that Brooks, in his personal capacity, engaged in discriminatory conduct.

Plaintiff next tries to argue that UPS can be held liable because UPS did not provide a separate avenue for Plaintiff to bring a complaint against UPS, in addition to the complaint he had already filed with NYSARC. This argument is plainly without merit, as there is no question the NYSARC investigation included Brooks, as Plaintiff clearly states in the SAC and in his opposition. Plaintiff also erroneously states that no disciplinary action was taken against Brooks. In fact, UPS placed Brooks on leave pending the outcome of the investigation.

## II.     Plaintiff's § 1985 Conspiracy Claim Fails as a Matter of Law

Plaintiff fails to point to any allegation in the SAC that would support his § 1985 conspiracy claim, and this claim must be dismissed. A conspiracy claim under 42 U.S.C. § 1985(3) has four elements: (1) a conspiracy, (2) for the purpose of depriving any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws, (3) an act in furtherance of the conspiracy, and (4) whereby a person is injured in his

6

person or property or deprived of a right or privilege of a citizen. In addition, the conspiracy must be motivated by some class-based animus. Iqbal v. Hasty, 490 F.3d 143, 176 (2d Cir.2007) (citations omitted).

Plaintiff's argument that the facts supporting his § 1981 claim, namely that Brooks and Rivera engaged in discriminatory conduct against him, also form the basis for his conspiracy claim, is without merit. Plaintiff cannot allege that the UPS employee allegedly engaged in discriminatory conduct, and claim that the same conduct also constitutes his § 1985 conspiracy claim. As he continually does throughout the SAC and in his opposition, Plaintiff points to Rivera's alleged derogatory comment, and Brooks's alleged laughter, and attempts to bootstrap all of his claims on this conduct in a blatant attempt to sidestep the other elements that must be met under both §§ 1981 and 1985.

Plaintiff's conspiracy claim fails moreover because his underlying § 1981 claim fails. As discussed above, Plaintiff alleges he was treated improperly by UPS's employee, but he fails to allege that he was denied the right to make a contract, sue, or was denied the equal benefit of laws. Because the predicate federal claim fails, Plaintiff's conspiracy claim must also fail.

### III. Plaintiff's NYCHRL Claims Fail as a Matter of Law

#### A. The Case Law Plaintiff Cites to Demonstrates He Is Not Entitled to Relief

Plaintiff cites to various cases that he argues support his NYCHRL claims. Contrary to Plaintiff's assertions however, these cases show the SAC must be dismissed. In order to state a claim under the NYCHRL, Plaintiff must show that he was the victim of something more than stray derogatory remarks. Plaintiff alleges that Rivera made derogatory remarks, and that Brooks laughed, but he does not allege that UPS engaged in any conduct that deprived him of any right.

7

The most glaring example of Plaintiff's mistaken interpretation of the law is his citation to <u>ISS Action Sec. v. New York City Com'n on Human Rights</u>, 2011 WL7102519 (S.D.N.Y. Dec. 21, 2011). There, Plaintiff claimed he was discriminated against based on his disability when a security company denied him entry into the building because he had a dog with him. The security company argued that plaintiff was unable to demonstrate he had a disability, and plaintiff moreover could not demonstrate the dog had been certified as a service dog. The court found that plaintiff did demonstrate the dog was a service dog, and further that he suffered from HIV. The court held that because plaintiff was denied entry to the premises, the defendant had violated the NYCHRL.

Plaintiff also cites to <u>Mihalik v. Credit Agricole Cheuvreux N.A., Inc.</u>, in support of his contention that Plaintiff was treated "less well" than other patrons of Access. 715 F.3d 102, 111 (2d Cir. 2013). Notably, this case was brought under the employment section of the NYCHRL. Contrary to plaintiff's representations, in any case, plaintiff in <u>Mihalik</u> was subjected to numerous sexual comments by the company CEO on a daily basis, and this harassing behavior went on for almost a year. Plaintiff there attempted to complain, but was told there was no point in light of the fact that the perpetrator was head of the company. Crucially, the court reasoned that a plaintiff's claims may be dismissed under the NYCHRL where they are deemed "insubstantial" or are shown to be trivial slights. Here, there is no question that the Plaintiff cannot demonstrate the violation of any right, and his claim is therefore insubstantial as against UPS, in light of the fact that the UPS employee allegedly only laughed. Plaintiff entered and exited the premises freely, and his contract with Access was not interfered with in any way. As a result, Plaintiff cannot overcome the stray remarks doctrine. <u>Fruchtman v. City of New York</u>, 129 A.D.3d 500 (1st Dept. 2015)("stray comments, without more, are insufficient to establish discrimination.")

8

B.  <u>Plaintiff's Claim for Aiding and Abetting Under the NYCHRL Fails</u>

Plaintiff cannot bring a claim for aiding and abetting because there is no case law that states by laughing, an individual or his employer may be held liable for aiding and abetting discrimination.  UPS moreover did not have a legal duty to police the alleged behavior of the NYSARC employee, unless his behavior somehow posed a threat to security, which did not happen here.  Brooks moreover did not have the contractual right to eject or discipline an employee of building owner NYSARC, which contracted for UPS's services.

Moreover, the claims for retaliation and aiding and abetting are derivative of the underlying alleged discriminatory conduct, and are subject to dismissal on this basis.  As indicated above, Plaintiff alleges the NYSARC employee made certain stray derogatory comments, which, without more, is insufficient to state a claim.  There can be no claim for aiding and abetting where the underlying conduct on which these claims are based does not rise to the level of discrimination under federal or state law.

C.  <u>UPS Cannot Be Held Liable for the Actions of Its Employee</u>

The NYCHRL imposes strict liability on employers only for discriminatory acts of *managerial employees*.  <u>Garrigan v. Ruby Tuesday, Inc.</u> 2014 WL2134613 at *6 (S.D.N.Y. May 22, 2014). Plaintiff does not allege that Brooks was a manager or supervisor, and in fact he was not.  Because Brooks was not a manager, Plaintiff must allege that UPS had notice of a propensity for this alleged behavior, but Plaintiff fails to do so.  Plaintiff argues that UPS was on notice because of the subject incident, but Plaintiff did not make any complaint until June 22, 2016, the second and last day the Plaintiff came to the premises, and it was only *after* the subject incident occurred, according to Plaintiff's own allegations, that UPS would have had notice of any purported propensity by Brooks.

7289687v.2

D. Plaintiff's Claim for Retaliation Under the NYCHRL Fails

To state a claim for retaliation, a plaintiff must allege that he suffered an action that would be reasonably likely to deter a person from engaging in the protected activity. Brightman v. Prison Health Serv., Inc. 108 A.D.3d 739, 739-40 (2nd Dept. 2013). Plaintiff's claim for retaliation under the NYCHRL is based solely on the allegation that an investigator called him and monitored his social media activity. Plaintiff does not allege that UPS hired this investigator. Regardless, a phone call and "monitoring" on social media are woefully inadequate to state a claim for retaliation, as neither would deter a reasonable person from making a complaint of discrimination.

## IV. Plaintiff's Claim for Negligent Supervision Fails

Even assuming that Brooks's behavior was discriminatory, Plaintiff has failed to allege that UPS was aware that Brooks had a propensity for engaging in this type of behavior prior to the incidents alleged in the SAC, which he must do in order to state a claim for negligent supervision. As discussed above, Plaintiff argues that UPS would have been on notice after the initial alleged incident, however Plaintiff did not complain until the second day, June 22, 2016, after the subject incidents had already transpired. UPS would have had no way of knowing of the alleged propensity prior to the incident that involved the Plaintiff, and this claim must also be dismissed.

## CONCLUSION

For all of the foregoing reasons, this Court should dismiss all of the claims asserted against UPS pursuant to F.R.C.P. Rule 12(b)(6).

7289687v.2

Dated:    White Plains, New York
           October 29, 2018

           Respectfully submitted,
           WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: /s/ Bradley L. Wilson

Joseph P. Wodarski (JW 0557)
Bradley L. Wilson (BW 7932)
Attorneys for Defendant
UNIVERSAL PROTECTION SERVICE
1133 Westchester Avenue
White Plains, New York 10604
(914) 323-7000
File No. 20147.00019